**EXHIBIT "A"**

## Court of Common Pleas of Philadelphia County
### Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2012**
E-Filing Number: 1204018919

**001362**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| STAFFORD FREEMAN III | RUBY TUESDAY, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6421 SPRAGUE STREET<br>PHILADELPHIA PA 19119 | 1625 CHESTNUT STREET #154<br>PHILADELPHIA PA 19103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| NICOLE FREEMAN | RUBY TUESDAY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6421 SPRAGUE STREET<br>PHILADELPHIA PA 19119 | 650 COWPATH ROAD<br>LANSDALE PA 19446 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
- [ ] $50,000.00 or less
- [X] More than $50,000.00

**COURT PROGRAMS**
- [ ] Arbitration
- [ ] Jury
- [X] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

**CASE TYPE AND CODE**
20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES** (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED PRO PROTHY**
APR 12 2012
S. GARRETT

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES    NO

### TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: STAFFORD FREEMAN III, NICOLE FREEMAN
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| LOUIS B. HIMMELSTEIN | LOUIS B HIMMELSTEIN&ASSOCIATES<br>1420 WALNUT ST<br>SUITE 1000<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)790-9996 | (215)790-0335 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 41140 | lbhimmelstein@verizon.net |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| LOUIS HIMMELSTEIN | Thursday, April 12, 2012, 11:38 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
Identification Number: 41140
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEY FOR PLAINTIFFS

THIS IS A MAJOR
NON-JURY MATTER
ASSESSMENT OF
HEARING IS RE

| | |
|---|---|
| Stafford Freeman, III, and Nicole Freeman,<br>Individually and as husband and wife<br>6421 Sprague Street<br>Philadelphia, PA 19119<br>    vs.<br>Ruby Tuesday, Inc.<br>1625 Chestnut Street<br>#154<br>Philadelphia, Pa. 19103<br>    and<br>Ruby Tuesday<br>650 Cowpath Road<br>Lansdale, PA. 19446 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM, 2012<br><br>NO.: |

## CIVIL ACTION COMPLAINT

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-633

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA
DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center,
Filadelfia, Pennsylvania 19107
(215) 238-6333

Case ID: 120401362

LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.
By: LOUIS B. HIMMELSTEIN, ESQUIRE
Identification Number: 41140
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEY FOR PLAINTIFFS

THIS IS A MAJOR
NON-JURY MATTER.
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

---

Stafford Freeman, III, and Nicole Freeman,  :
Individually and as husband and wife         :
6421 Sprague Street                          :
Philadelphia, PA 19119                       :
    vs.                   :
Ruby Tuesday, Inc.                           :
1625 Chestnut Street                         :
#154                                         :
Philadelphia, Pa. 19103                      :
    and                   :
Ruby Tuesday                                 :
650 Cowpath Road                             :
Lansdale, PA. 19446                          :

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM, 2012

NO.:

## CIVIL ACTION COMPLAINT

Plaintiffs, **Stafford Freeman, III**, and **Nicole Freeman**, claim damages of the defendants, individually, jointly and/or severally, upon a cause of action whereof the following is a statement:

1. Plaintiffs, **Stafford Freeman, III**, and **Nicole Freeman**, are adult individuals residing together as husband and wife and at all times relevant herein, Plaintiff, **Stafford Freeman, III**, was caused to sustain serious and permanent orthopedic and neurological injuries when he was caused to suffer severe burns and other injuries while a patron and business invitee at Defendants' Restaurant.

1

Case ID: 120401362

2. Defendant, **Ruby Tuesday, Inc.,** (hereinafter and hereinbefore also referred to as defendants) is either a corporation, partnership and/or other business entity regularly doing business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material, it did own, and/or possess, and/or control, and/or maintain, and/or operate a Restaurant at the certain real premises more particularly described hereinafter wherein Plaintiff, **Stafford Freeman, III,** was caused to sustain his injuries, and it is further believed and therefore averred that at all times herein material defendant was charged with the management, cooking duties and all other Restaurant responsibilities concerning the Ruby Tuesday Restaurant where plaintiff was caused to sustain his injuries.

3. Defendant, **Ruby Tuesday,** (hereinafter and hereinbefore also referred to as defendants) is either a corporation, partnership and/or other business entity regularly doing business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material, it did own, and/or possess, and/or control, and/or maintain, and/or operate a Restaurant at the certain real premises more particularly described hereinafter wherein Plaintiff, **Stafford Freeman, III,** was caused to sustain his injuries, and it is further believed and therefore averred that at all times herein material defendant was charged with the management, cooking duties and all other Restaurant responsibilities concerning the Ruby Tuesday Restaurant where plaintiff was caused to sustain his injuries.

4. At all times herein material, defendants were either acting individually and/or on each other's behalf and/or by and through their/its/his/her duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/his/its employment and in the furtherance of each of the defendants' businesses and affairs.

5. On or about July 21, 2010, Defendants maintained and/or possessed and/or managed and/or owned and/or controlled and/or possessed other interests in the certain Restaurant known as Ruby Tuesday located at 650 Cowpath Road, Lansdale, Pennsylvania, 19446, where a business and restaurant was located, which eating establishment is the subject of this cause of action.

2

Case ID: 120401362

6. On July 21, 2010, Plaintiffs were dining at defendants' Restaurant, and they ordered an appetizer, which consisted of chips along with a dip, which appetizer was presented to plaintiff in a very hot and dangerous condition, (hereinafter and hereinbefore collectively also referred to as dangerous condition), which dangerous condition presented a danger to patrons and the dangerous condition presented an unreasonable risk of harm to business invitees, such as Plaintiff, **Stafford Freeman, III**, visiting and patronizing the restaurant and said dangerous condition caused the Plaintiff, **Stafford Freeman, III**, to sustain serious and permanent injuries.

7. Plaintiff avers that the aforesaid hot appetizer and/or otherwise dangerous condition was apparent, open and visible to the defendants, and existed for a sufficient length of time prior to the aforesaid occurrence for the defendants to have had actual and constructive knowledge thereof.

8. All of the defendants had a duty to let the food item cool off prior to serving it but had failed to properly do so in spite of the fact that defendants had actual and constructive notice of the dangerous condition in sufficient time prior to the incident in question in order to have corrected it and/or not have served it and/or warned the plaintiffs.

9. At all times herein material, defendants did own and/or possess and/or control and/or manage and/or maintain and/or operate a certain business and/or restaurant and/or diner known as Ruby Tuesday's which business was located at 640 Cowpath Road, Lansdale, Pennsylvania, and it is further believed and therefore averred that defendants, served plaintiff, **Stafford Freeman, III**, with an extremely hot food item(s) or appetizer which caused plaintiff to sustain severe burns and other injuries as a result of digesting it and/or attempting to eat it and/or being dropped on his body.

3

10. On or about July 21, 2010, at or around 7:49 P.M., Plaintiffs were visiting and dining at Defendants' Restaurant located at 650 Cowpath Road, Lansdale, Pennsylvania, 19446, and after the Plaintiffs were served with the appetizer they ordered, plaintiff, **Stafford Freeman, III**, put one of the chips in his mouth with the dip on it, at which point he severely burned his mouth causing the dip to fall on parts of his mouth, shoulder and arm, thereby causing plaintiff to jerk his body striking various objects and violently move about, all of which caused plaintiff to sustain severe injuries hereinafter described at length.

11. On or about July 21, 2010, Plaintiffs were visiting Defendants' Restaurant located at 650 Cowpath Road, Lansdale, Pennsylvania, 19446, and after the Plaintiffs ordered an appetizer, plaintiff, **Stafford Freeman, III**, started to eat it, at which point he severely burned himself, thereby causing plaintiff to jerk his body and violently move about, all of which caused plaintiff to sustain injuries.

12. At the aforesaid place and time, Plaintiffs were patrons at Defendants' Restaurant and as a result of the negligence of the defendants, an extremely hot food item was caused to drop and/or spill on plaintiff, **Stafford Freeman, III**, at which point plaintiff severely burned himself, thereby causing plaintiff to jerk his body and violently move about, all of which caused plaintiff to sustain injuries.

13. At all times herein material plaintiff, **Stafford Freeman, III**, was caused to be moved violently about and injure himself as a result of the carelessness, recklessness, and negligence of the defendants.

14. At all times herein material, plaintiff was caused to twist his body and severely burn himself while a patron at defendants' premises.

4

15. Plaintiffs aver that the carelessness, negligence and recklessness of the defendants, individually, jointly and/or severally, consisted of the following:

   a. failing to set standardized times to cook the food items and/or appetizers at its Restaurants;

   b. failing to have cooking classes and/or cooking instructions for it's employees;

   c. failing to serve foods at proper temperature;

   d. failing to give verbal warnings to its patrons concerning the temperature of the food item(s) when it is being served;

   e. leaving the appetizer in the oven and/or microwave too long;

   f. failing to hire cooks and/or other persons who prepare food with proper experience and knowledge;

   g. failing to hire cooks and/or other persons without proper schooling;

   h. serving the extremely hot food item which became a dangerous condition;

   i. permitting the appetizer and/or chips and/or dip to be served in a extremely hot condition;

   j. failing to warn or otherwise notify the Plaintiff, and others similarly situated, of the said hot appetizer;

   k. failing to allow the food to cool off before serving it;

   l. disregarding the rights, safety, and position of the Plaintiff and others similarly situated;

   m. failing to properly maintain and control the said restaurant in a condition that would protect and safeguard persons such as the plaintiff lawfully situated on said premises;

   n. failing to provide quality control so food items would not be served too hot;

   o. being otherwise careless, reckless and negligent and otherwise violating various ordinances and statutes regarding the serving of food;

   p. failing to properly inspect the food item and/or appetizer so that it was safe for eating and/or ingestion;

   q. failing to warn plaintiff of the likelihood that he might be caused to be burned by the food;

5

r.   failing to assure that the food item was safe for business invitees and patrons;

s.   failing to make inspections which were necessary and proper in order to assure that the food was safe to eat and/or being served at a proper temperature;

t.   improperly performing the maintenance, management, serving of food and cooking duties for the restaurant;

u.   failing to supervise the cooking department in a safe and lawful manner;

v.   failing to perform a taste test;

w.   failing to employ and/or engage proper and safe agents, servants, workmen, employees, representatives, business associates and/or contractors;

x.   failing to properly exercise their/its respective duties of supervision and control;

y.   failing to properly instruct their/its agents, servants, workmen, employees, cooks, representatives, business associates and/or contractors;

z.   failing to exercise due care under the circumstances;

aa.  otherwise violating pertinent and relevant laws, ordinances and Statutes of this jurisdiction;

bb.  improperly performing cooking, maintenance and/or management services;

cc.  disregarding the rights, safety, and position of the plaintiff and others similarly situated;

dd.  failing to serve food at a proper temperature and/or dropping the extremely hot food item on plaintiff;

ee.  being otherwise careless and negligent;

ff.  failing to use the required degree of due care to business invitees and/or patrons such as plaintiff;

gg.  failing to hire contractors and/or employees and/or other qualified persons to cook the food;

hh.  failing to provide adequate warning;

ii.  failing to establish rules and regulations regarding how the restaurants should perform its/their duties regarding the serving of food;

jj.  dropping and/or spilling the hot food item on plaintiff;

6

  kk. failing to properly instruct its waiters on how to serve hot food items.

 16. As a sole result of the aforementioned incident caused by the negligence, carelessness and recklessness of each of the Defendants, Plaintiff, **Stafford Freeman, III,** has sustained serious, painful and permanent injuries, internally and externally, to his head, face, mouth, tongue, eyes, neck, back, shoulders, arms, elbows, wrists, hands, fingers, legs, hips, knees, feet, and body and the bones, cartilages, ligaments, muscles, nerves, discs, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised and/or otherwise injured, and Plaintiff, **Stafford Freeman, III,** sustained multiple other injuries, including but not limited to: disc bulging at C3-4, C5-6, C6-7, disc herniation at C4-5, right shoulder strain and sprain with dysfunction, right trapezius myofascitis, right upper arm burn 2nd degree, right elbow strain and sprain with dysfunction; he suffered other serious orthopedic injuries, any and/or all of which may have been aggravations of previous conditions, the full extent of which have not as yet been ascertained; he has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

 17. As a result of this incident, Plaintiff, **Stafford Freeman, III,** has been and continues to be obliged to receive medical attention, medical care, hospital care, physical therapy and medical treatment and care and to expend various sums of money and incur diverse medical expenses, surgical charges and other medical, diagnostic and hospital expenses for the severe injuries which he has suffered and he will be obliged to continue to make medical, hospital and/or surgical expenditures for an indefinite time in the future, all to his great and continuing detriment and loss.

7

Case ID: 120401362

18. As a further result of the incident aforesaid, Plaintiff, **Stafford Freeman, III,** has, may and will probably in the future continue to suffer great pain and extreme agony, mental anguish, humiliation and suffering and he has been, and probably will in the future be hindered and prevented from attending to his usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of his earnings and earning capacity, all to his great and continuing detriment and loss.

19. As a direct and sole result of this incident, Plaintiff, **Stafford Freeman, III,** has or may hereinafter incur other financial expenses, medical bills and/or other losses which do or may exceed amounts which he may otherwise be entitled to recover, as well as further non-economic losses, he has suffered a cosmetic disfigurement and/or a scar and also loss of services and other items of damages including a loss of earnings, a loss of earning capacity, medical bills and other expenses, all of which are recoverable.

WHEREFORE, Plaintiff, **Stafford Freeman, III,** claims damages of the defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00).

Case ID: 120401362

## COUNT ONE
### PLAINTIFF, STAFFORD FREEMAN, III vs. DEFENDANT, RUBY TUESDAY, INC.

20. Plaintiff, **Stafford Freeman, III**, incorporates herein by reference thereto, Paragraphs one (1) through nineteen (19), inclusive, as fully as though the same were hereinafter set forth at length.

21. As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Stafford Freeman, III**, sustained serious, painful and permanent orthopedic and neurological injuries.

WHEREFORE, Plaintiff, **Stafford Freeman, III**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT TWO
### PLAINTIFF, STAFFORD FREEMAN, III vs. DEFENDANT, RUBY TUESDAY

22. Plaintiff, **Stafford Freeman, III**, incorporates herein by reference thereto, Paragraphs one (1) through twenty-one (21), inclusive, as fully as though the same were hereinafter set forth at length.

23. As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Stafford Freeman, III**, sustained serious, painful and permanent orthopedic and neurological injuries.

WHEREFORE, Plaintiff, **Stafford Freeman, III**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT THREE
## NICOLE FREEMAN vs. DEFENDANTS

24. Plaintiff, **Nicole Freeman**, incorporates herein by reference Paragraphs One (1) through twenty-three (23), inclusive, as fully as though the same were hereinafter set forth at length.

25. By reason of the negligence of the defendants as aforesaid, wife-plaintiff, **Nicole Freeman**, has been and probably will, in the future, be deprived of the companionship, services, assistance, society, consortium and comfort of her husband, plaintiff, **Stafford Freeman, III**, all of which has been and probably will be to her great detriment, damage and loss.

26. As a further result of the careless and negligent conduct of the defendants as aforesaid, wife-plaintiff has expended and may continue to expend various and diverse sums of money for medicines, medical attention, medical care, and rehabilitation of husband-plaintiff, all to her great and continuing damage and loss, and Plaintiff, **Nicole Freeman**, sustained other items of damage, all of which are recoverable.

WHEREFORE, Plaintiffs, **Stafford Freeman, III, and Nicole Freeman**, claim damages against the defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.

BY: s/Louis B. Himmelstein
LOUIS B. HIMMELSTEIN, ESQUIRE
Attorney for Plaintiffs

10

## VERIFICATION

The undersigned, hereby deposes and says that the facts set forth in the attached Complaint, are true and correct to the best of my knowledge, information and belief; and I realize that statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

X  4/8/12
DATE

X  [signature]
STAFFORD FREEMAN, III

Case ID: 120401362